| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DONALD MCDANIEL, §
　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　§
versus §　　CIVIL ACTION NO. 1:12-CV-392
　　　　　　　　　　　　　　§
JPMORGAN CHASE BANK, N.A. and §
CODILIS & STAWIARSKI, P.C., §
　　　　　　　　　　　　　　§
　　　　Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Donald McDaniel's ("McDaniel") Opposed Motion to Remand (#7). McDaniel seeks remand to state court due to the lack of complete diversity of citizenship between the parties, rendering this court without subject matter jurisdiction. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.　　Background

On July 31, 2012, McDaniel filed his original petition in the 1st Judicial District Court of Newton County, Texas, asserting claims for violations of the Texas Debt Collection Act ("TDCA") and breach of contract and seeking a temporary restraining order, temporary injunction, and declaratory judgment against Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase"). It is undisputed that Plaintiff McDaniel is a citizen and resident of Texas. JPMorgan Chase is a national association with its main office in Ohio. Defendant Codilis & Stawiarksi, P.C. ("C&S"), is also a citizen of Texas.

McDaniel alleges that on September 8, 2003, he obtained a home mortgage loan from Southtrust Mortgage Corporation ("Southtrust") by signing a promissory note (the "Note") in the amount of $152,250.00, which was secured by an FHA Deed of Trust (the "Deed"). McDaniel asserts that Southtrust assigned the Note to JPMorgan Chase without providing McDaniel documentation or indicating the assignment in the county records. McDaniel contends that he made the monthly mortgage payments and paid monthly FHA insurance premiums, and in early 2005, JPMorgan Chase made and collected on an insurance claim from FHA on McDaniel's mortgage in the amount of $156,492.66, which satisfied the sums secured by McDaniel's Deed. He further alleges that, despite this fact, JPMorgan Chase did not release the Deed or the Note, but continued to collect FHA premiums from McDaniel.

In 2012, McDaniel maintains that he was the victim of identity theft and his account with JPMorgan Chase was compromised, but that arrangements were made with JPMorgan Chase to bring his account current. JPMorgan Chase, however, allegedly refused to accept payments and initiated foreclosure proceedings. McDaniel was notified by C&S that a foreclosure sale on the property was to occur on August 7, 2012. On July 31, 2012, McDaniel filed the instant suit.

On August 10, 2012, JPMorgan Chase removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. JPMorgan Chase asserts that because C&S was fraudulently joined as a defendant to defeat diversity, it should be dismissed as a party to this action and its citizenship ignored for jurisdictional purposes. On September 7, 2012, McDaniel filed a motion to remand the case to state court, contending that

C&S was properly joined, and, therefore, because complete diversity does not exist among the parties, federal jurisdiction is lacking.

II.     Analysis

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, __ U.S. __, __, 130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547

U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas*, 603 F.3d at 294; *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and

costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181. In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723. In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

      In the case at bar, although there is no dispute that McDaniel and Defendant JPMorgan Chase are citizens of different states and that more than $75,000.00 is at issue, complete diversity

may be lacking in this case because Defendant C&S is a citizen of Texas. Therefore, to establish the existence of diversity jurisdiction, JPMorgan Chase must show that C&S was improperly or fraudulently joined as a defendant to this action. *See Crockett*, 436 F.3d at 532; *Guillory*, 434 F.3d at 307-08; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224-25 (5th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). The United States Court of Appeals for the Fifth Circuit has held that there is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Smallwood*, 385 F.3d at 571 n.1. "The removing party has the burden of establishing improper joinder by showing: Plaintiff['s] inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts." *Melder*, 404 F.3d at 330; *accord Smallwood*, 385 F.3d at 573.

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*,

44 F.3d 256, 264 (5th Cir. 1995); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Hart*, 199 F.3d at 246. Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'" *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6; *see also Boone*, 416 F.3d at 388 ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."); *Smallwood*, 385 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder. *Guillory*, 434 F.3d at 309; *Smallwood*, 385 F.3d at 573. "That said, there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)); *accord Guillory*, 434 F.3d at 309. The court, however, must carefully distinguish an

attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case."); *see also Gasch*, 491 F.3d at 284 ("[A] meritless claim against an in-state defendant is not the equivalent of improper joinder."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981) ("[D]istrict courts must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent.").

In the instant case, because JPMorgan Chase does not claim actual fraud in McDaniel's recitation of jurisdictional facts, it must demonstrate that there is no possibility that McDaniel could establish a cause of action against C&S. *See Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312. "Merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)). "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. "'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.'" *B., Inc.*, 663 F.2d at 550

(quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Travis*, 326 F.3d at 647. "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589-90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see Burden*, 60 F.3d at 218-21. District courts in Texas differ regarding whether to apply the federal 12(b)(6) standard or the more lenient Texas "fair notice" standard when evaluating the sufficiency of factual allegations for the purpose of determining fraudulent joinder. *Compare Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 976-77 (E.D. Tex. 2010) (applying federal standard), *and King v. Provident Life & Accident Ins. Co.*, 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (same), *with Stevenson v. Allstate Tex. Lloyd's*, No.

11-CV-3308, 2012 WL 360089, at *3 (S.D. Tex. Feb. 1, 2012) (applying Texas standard), *and Hayden v. Allstate Tex. Lloyds*, H-10-646, 2011 WL 240388, at *7-8 (S.D. Tex. Jan. 20, 2011) (same). It appears, however, that the majority of courts which have addressed this issue favor application of the state pleading standard. *Edwea, Inc. v. Allstate Ins. Co.*, H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (same). After reviewing these authorities, the court is persuaded that applying the state pleading standard is the better approach. Because McDaniel filed his petition in state court in accordance with Texas pleading standards, it would be unfair to hold him to the more stringent standard of federal court. *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14; *Edwea, Inc.*, 2010 WL 5099607, at *5-6. Accordingly, the court will examine McDaniel's petition under the Texas pleading standard to determine whether the allegations therein support a reasonable basis for predicting recovery against C&S, leaving any technical defects to be addressed in state court. *See Murphy*, 2009 WL 1543918, at *5.

Texas follows a "fair notice" pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." TEX. R. CIV. P. 47; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 n.11 (Tex. 2004) (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "[T]he pleadings must be sufficiently adequate so the court is able, from an examination of the pleadings alone, to ascertain

with reasonable certainty and without resorting to information from another source, the elements of a plaintiff's cause of action and relief sought with sufficient information upon which to base a judgment." *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 604 (Tex. App.—Corpus Christi 2005, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)). Nevertheless, a pleading will be liberally construed in favor of the pleader, and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005).

A. <u>Attorney Immunity</u>

JPMorgan Chase contends that C&S is immune from suit because McDaniel's claims arise from C&S's representation of JPMorgan Chase during the initiation of the foreclosure of McDaniel's property. JPMorgan Chase argues that C&S's actions in attempting to foreclose on McDaniel's property was done on JPMorgan Chase's behalf. "Texas courts have long held that attorneys cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions taken in connection with representing a client." *Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03-05-699-CV, 2008 WL 2938823, at *2 (Tex. App.—Austin July 29, 2008, no pet.); *accord Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL 4092590, at *2 (E.D. Tex. Aug. 16, 2012); *Rhodes Colls., Inc. v. Johnson*, No. 3:10–CV-31, 2012 WL 627273, at *3 (N.D. Tex. Feb. 27, 2012). "The public has an interest in 'loyal, faithful, and aggressive representation by the legal profession . . . .'" *Bradt v. West*, 892 S.W.2d 56, 71 (Tex.

App.—Houston [1st Dist.] 1994, writ denied) (quoting *Maynard v. Caballero*, 752 S.W.2d 719, 721 (Tex. App.—El Paso 1988, writ denied)); *see Reagan Nat'l Adver. of Austin, Inc.*, 2008 WL 2938823, at *2. "A lawyer is generally authorized to practice law to perform his duties as a lawyer without making himself liable for damages." *Mendoza v. Fleming*, 41 S.W.3d 781, 787 (Tex. App.—Corpus Christi 2001, no pet.) (citing *Bradt*, 892 S.W.2d at 72); *see Miller v. Stonehenge/Fasa-Tex., JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998) ("Thus, an attorney may assert his client's rights without fear of personal liability to the opposing party."). "Whether immunity attaches turns on the type of conduct in which the lawyer is engaged," *Reagan Nat'l Adver. Of Austin, Inc.*, 2008 WL 2938823, at *3, and the "dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit." *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996).

Although Texas federal and state courts have applied this doctrine to dismiss attorneys or law firms representing a mortgagee in a foreclosure proceeding, *see, e.g.*, *Van Hauen*, 2012 WL 4092590, at *3 (dismissing the law firm retained by Wells Fargo to assist with the home foreclosure process); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-429-CV, 2012 WL 1839357, at *6 (Tex. App.—Austin May 18, 2012, no pet. h.) (affirming the trial court's dismissal of the attorney defendants who were retained by Wells Fargo to assist in the foreclosure of property of the plaintiff), the court was unable to unearth any cases in which a claim under the TDCA was dismissed on this ground. Indeed, at least one court has rejected JPMorgan Chase's argument altogether. *See Hunt v. BAC Home Loans Servicing, LP*, No. C-11-261, 2012 WL 219330, at *9-10 (S.D. Tex. Jan. 24, 2012) (denying dismissal of attorney defendants based on litigation immunity for claims brought under the TDCA). Furthermore, whether an attorney is

liable under the TDCA turns on evidentiary issues. *See Catherman v. First State Bank of Smithville*, 796 S.W.2d 299, 303 (Tex. App.—Austin 1990, no writ); *see also* 12 TEX. JUR. 3d *Collection and Credit Agencies* § 14 (explaining that an attorney can be included in the definition of "debt collector" if "the attorney has nonattorney employees who are regularly engaged to solicit debts for collector or who regularly make contact with debtor for the purpose of the collection or adjustment of debts").

Although JPMorgan Chase argues that C&S was acting on its behalf, it is not apparent that a TDCA claim against C&S is precluded under the immunity doctrine. Moreover, JPMorgan Chase does not challenge McDaniel's pleaded allegation that C&S is a debt collector and, thus, C&S may be liable as a debt collector under the statute. Therefore, C&S was not improperly joined on this basis.

   B.  <u>Texas Debt Collection Act</u>

McDaniel asserts causes of action against C&S under the TDCA, alleging that it violated Texas Finance Code §§ 392.301(a)(8) & 392.304(a)(8). The elements of a TDCA claim are: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. TEX. FIN. CODE ANN. §§ 392.001-392.404. Texas has applied an expansive scope to the term "debt collector" under the TDCA, defining it as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." TEX. FIN. CODE ANN. § 392.001(6). Subsection 392.301(a)(8) provides that "[i]n debt collection, a

debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: (8) threatening to take an action prohibited by law." TEX. FIN. CODE ANN. § 392.301(a)(8). Subsection 392.304(a)(8) states that a "debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practice: (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE ANN. § 392.304(a)(8).

JPMorgan Chase contends that McDaniel's claims against C&S under either section of the TDCA fail as a matter of law. McDaniel pleads in his original petition that C&S violated the aforementioned subsections by: (1) attempting to foreclose on McDaniel's property without checking the county deed records to verify that JPMorgan Chase was in fact the mortgagee; (2) attempting to foreclose on property upon which C&S has no legal basis; and (3) misrepresenting the character, extent and/or amount of McDaniel's debt and debt status.

McDaniel asserts that C&S violated the TDCA by attempting to foreclose when, in fact, McDaniel had already made or attempted to make his monthly mortgage payments. Therefore, McDaniel contends that C&S's attempted foreclosure was without a legal basis and was prohibited by law. In response, JPMorgan Chase maintains that the allegations underlying the TDCA claim are barred by the independent-injury rule, also referred to as the economic loss rule.

In Texas, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); *see also Martin K. Eby Const. Co. v. LAN/STV*, 350 S.W.3d 675, 687 (Tex. App.—Dallas 2011, pet. filed). That is, "a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach

of contract claim." *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *accord Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986); *Martin K. Eby Const. Co.*, 350 S.W.3d at 687. Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, "even when the breach might be reasonably viewed as a consequence of a contracting party's negligence." *Lamar Homes, Inc.*, 242 S.W.3d at 13 (citing *Jim Walter Homes, Inc.*, 711 S.W.2d at 618). "The focus of the rule 'is on determining whether the injury is to the subject of the contract itself.'" *Acad. of Skills & Knowledge, Inc. v. Charter Schs., USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App.—Tyler 2008, pet. denied) (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 12). The burden is on the plaintiff to establish evidence of an independent injury. *Esty v. Beal*, 298 S.W.3d 298, 302 (Tex. App.—Dallas 2009, no pet.); *Sterling Chems., Inc.*, 259 S.W.3d at 797.

Courts have applied the economic loss rule to TDCA claims premised on alleged misrepresentations where the actions taken by the lender were wrongful only because they violated the agreement between the borrower and lender. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-CV-424, 2010 WL 5834802, at *5 (E.D. Tex. Dec. 14, 2010) (explaining that the plaintiff's allegations of misrepresentation by attempting to collect a debt in violation of the agreement against CitiFinancial stated a breach of contract but not a TDCA claim); *Hicks v. Chase Home Fin. LLC*, No. 3:09-CV-1652, 2010 WL 4274745, at *7 (N.D. Tex. Oct. 21, 2010) (judgment vacated following entry of agreed final judgment) (dismissing on summary judgment the plaintiff's claims against Chase under the TDCA for alleged misrepresentations of the amount of the debt and attempts to collect fees not authorized by the modification agreement because they sounded in contract). In *Singh v. JPMorgan Chase Bank, N.A.*, the court held that the

independent-injury rule barred plaintiff's claims under the TDCA against the defendant bank. No. 4:11-CV-607, 2012 WL 3904827, at *7 (E.D. Tex. July 31, 2012), *report and recommendation adopted by* 2012 WL 3891060 (E.D. Tex. Sep. 7, 2012).  The court explained that because the Deed of Trust governed the conduct the plaintiff alleged violated the TDCA, the plaintiff could not recover under a tort theory.

In this case, McDaniel and C&S are not in privity of contract.  McDaniel asserts that because he made or attempted to make payments to JPMorgan Chase, which were allegedly refused, JPMorgan Chase had no legal basis to collect the debt.  According to McDaniel, therefore, C&S's attempt to foreclose on his property was prohibited by law.  Here, the payments and the consequences of non-payment are governed by the Deed.  Because C&S was not a party to the Deed, McDaniel would have no recovery against it under a breach of contract theory. Furthermore, both courts in *Singh* and *McCartney* dismissed the plaintiffs' § 392.304 claim against the lender, *see Singh*, 2012 WL 3904827, at *7; *McCartney*, 2010 WL 5834802, at *5, while McDaniel seeks relief under § 392.301 against the alleged independent "debt collector."  The parties have not cited, and the court has failed to locate, any case in which the court faced this precise issue.  As such, it is not apparent whether the economic loss rule would preclude recovery under the TDCA in this instance.  Notably, at least one other court has found that a debt collector law firm was not improperly joined when a plaintiff pleaded allegations similar to those found in McDaniel's petition.  *See Charles v. Ocwen Loan Servicing, LLC*, No. H-11-4115, 2012 WL 896451, at *2 (S.D. Tex. Mar. 15, 2012) (holding that the plaintiff's claim under § 392.301(a)(8) that "Mackie, as a debt collector, violated the Texas DCPA by improperly threatening to move forward with the foreclosure knowing it could not legally do so, and by misrepresenting the extent

and amount of the debt" could state a claim under Texas law). As a result, recovery against C&S under § 392.301(a)(8) is reasonably plausible.

It has been firmly established by the Fifth Circuit that improper joinder cannot be found if "there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant." *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *see Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Hart*, 199 F.3d at 246; *Burden*, 60 F.3d at 216; *B., Inc.*, 663 F.2d at 550 & n.11. Here, while it has not been conclusively shown that Texas law would impose liability on C&S in this situation, this court is unable to conclude that McDaniel cannot possibly prevail against C&S under the TDCA. Hence, "[t]aking the plaintiff's allegations in this case to be true, [this court] cannot predict with absolute certainty that a Texas court would summarily dismiss the causes of action asserted against defendant [C&S]." *B., Inc.*, 663 F.2d at 554.

Thus, under these circumstances, JPMorgan Chase has not shown that there is "absolutely no possibility that [McDaniel] will be able to establish a cause of action against the in-state defendant." *Cavallini,* 44 F.3d at 259; *see Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs*, 181 F.3d at 699; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 216. As a consequence, it has failed to satisfy its heavy burden of proving fraudulent joinder. *See Travis*, 326 F.3d at 649-50; *Hart*, 199 F.3d at 246; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 217. Because the removing party has not adduced sufficient evidence to establish that C&S was fraudulently joined, the shared citizenship of C&S and McDaniel defeats diversity and prevents this court from exercising

jurisdiction over this lawsuit. Accordingly, this action should be remanded to the state court in which it was originally filed.[1]

III.     Conclusion

An evaluation of the relevant facts and controlling law reveals that the court lacks subject matter jurisdiction over McDaniel's action, as there is neither a federal question presented nor complete diversity of citizenship between the parties. Therefore, this case was improvidently removed, and remand is warranted. Consequently, this court finds that McDaniel's Motion to Remand should be granted and that this action should be remanded to the 1st Judicial District Court of Newton County, Texas. An order of remand will be entered separately.

SIGNED at Beaumont, Texas, this 7th day of December, 2012.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Because at least one of McDaniel's asserted claims against C&S has a reasonable possibility of success, the court will not discuss JPMorgan Chase's remaining arguments.